UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEVAN A. WALKER,

             Plaintiff,

       -against-

ANN TRIPP,

             Defendant.

24-CV-9783 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action against Ann Tripp, a radio director at World's Best Looking Sound, WBLS, in Manhattan. He alleges that Tripp violated the First Amendment when she declined to broadcast Plaintiff's speech on WBLS's airwaves. By order dated December 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the action.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[1] In 2024, Plaintiff "wrote the radio station of WBLS in Manhattan . . . for permission to let me announce on the radio to cease fire about all this negative hype and decisions created against me." (ECF 1, at 5.) In the fall of 2024, Plaintiff "went to WBLS . . . to speak to someone about announcing to cease fire on the radio." (*Id.*) Plaintiff contends that his "life is in an emergency disaster to speak and the Director and the rest is in conspire to neglect my constitutional right to speak on the radio to announce cease fire about multiple negatives & created decisions against me." (*Id.*)

For his injuries, Plaintiff states that he "suffered paranoia." (*Id.* at 6.) He seeks $250,000 to $2,000,000.00 in damages.

## DISCUSSION

Because Plaintiff brings a claim under the First Amendment, the Court construes the pleading as asserting a constitutional claim under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that the defendant (1) acted under the color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and (2) violated a right secured by the Constitution or laws of the United States, *West v. Atkins*, 487 U.S. 42, 48-49 (1988). With respect to claims brought under the First Amendment, "the Constitution guarantees freedom of speech only as against governmental interference." *Mehdi v. Boyce*, 931 F. Supp. 268, 270 (S.D.N.Y. 1996), *aff'd sub nom. Mehdi v. WABC Radio 77*, 125 F.3d 844 (2d Cir. 1997); *see Kuczo v. W. Connecticut Broad. Co.*, 566 F.2d 384, 387 (2d Cir. 1977) (holding that

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

radio station that censored political advertisements did not engage in governmental action) (citing *C.B.S., Inc. v. Democratic National Comm.*, 412 U.S. 94 (1973)).

Here, Plaintiff cannot state a claim against Defendant Tripp because the First Amendment does not apply in this case. Put simply, the First Amendment does not govern Tripp's directorial decisions, and Plaintiff cannot use the First Amendment to require Tripp to broadcast his speech on WBLS's airwaves. *See generally Sec. & Exch. Comm'n v. AT&T, Inc.*, 626 F. Supp. 3d 703, 750 (S.D.N.Y. 2022) (acknowledging the repeal of the "'fairness doctrine,' under which broadcasters were once required to air different viewpoints on controversial issues of public importance"). The Court therefore dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated:   June 18, 2025
         New York, New York

                                        _____Louis L. Stanton_____
                                             Louis L. Stanton
                                                 U.S.D.J.